The document below is hereby signed.

Signed: March 28, 2017



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ALLAN A.C. GRIFFITH, III, | ) | Case No. 17-00082 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND
ORDER DENYING MOTION TO ENLARGE TIME, DIRECTING THE DEBTOR
TO SHOW CAUSE WHY THE CASE OUGHT NOT BE DISMISSED, AND SETTING
A HEARING REGARDING DISMISSAL OF THE CASE IF A HEARING IS NEEDED

The debtor's *Motion to Enlarge Time Within Which to File Schedules, Summary of Schedules, Statement of Financial Affairs and Form 22C-1* sought a 10-day enlargement of what was a March 15, 2017, deadline to file various papers. In other words, the debtor sought an enlargement of the deadline to Monday, March 27, 2017 (as March 25, 2017, ten days after March 15, 2017, was a Saturday). The requested new deadline of March 27, 2017, has come and gone without the papers being filed.

In addition, the *Motion* failed to show that an enlargement of time was warranted. The *Motion* was filed after the March 15, 2017 deadline had expired. To obtain an enlargement of time, Fed. R. Bankr. P. 9006(b)(1) required the debtor to show that the

failure to file the documents "was the result of excusable neglect." The *Motion* fails to set forth facts showing that the failure to file the required documents by March 15, 2017, was the result of excusable neglect.

First, the *Motion* merely alleges that "further documentation was not readily available to complete the filing of Debtor's Petition," yet the case has been pending since February 15, 2017. In other words, the case had been pending for 34 days when the *Motion* was filed. The debtor listed only two creditors on his list of creditors; one unlisted creditor (a car lienor) has filed a proof of claim. The debtor could readily have ascertained from the debtor's creditors the amounts he owes. The *Motion* makes no attempt to show that the lack of readily available documentation was not due to a lack of diligence on the part of the debtor to gather the documentation.

Second, the requested new deadline of Saturday March 25, 2017, was the day after March 24, 2017, the date of the scheduled meeting of creditors under 11 U.S.C. § 341, at which the debtor was required by 11 U.S.C. § 343 to appear and be examined by the chapter 13 trustee and creditors. Without the papers being filed before March 24, 2017, the chapter 13 trustee and creditors were not in a position to conduct a meaningful examination of the debtor at the meeting of creditors. The debtor's lack of diligence in filing papers frustrated the orderly progress of the

case.

The debtor's conduct appears to warrant dismissal of the case.  As of the preparation of this order on March 28, 2017, the case is in its 41st day without the required papers being filed.  In addition to the papers his *Motion* addresses, the debtor has filed no plan.  The debtor has made no plan payments.  All of this is to the prejudice of his creditors.  A debtor has an obligation to keep a case on track.  This debtor has not done so.

In light of the foregoing, it is

ORDERED that the debtor's *Motion to Enlarge Time Within Which to File Schedules, Summary of Schedules, Statement of Financial Affairs and Form 22C-1* is DENIED.  It is further

ORDERED that within 14 days after entry of this order, the debtor shall file a writing showing cause why this case ought not be dismissed for unreasonable delay as set forth above, and if no such showing is timely made, the court may dismiss the case without a hearing.  It is further

ORDERED that if the court does not decide the issue of dismissal of the case beforehand, a hearing to address the issue of dismissal of the case will be held on Friday April 21, 2017, at 1:00 p.m.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); recipients of e-notification of orders.